47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Germain TYLER, Defendant-Appellant.
 No. 93-1767.
 United States Court of Appeals, Sixth Circuit.
 Jan. 20, 1995.
 
 Before: NELSON, NORRIS, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a sentence imposed on the defendant in a crack cocaine case. After undercover Michigan narcotics agents purchased crack from the defendant's co-conspirators, the latter identified the defendant as their supplier. The agents used this information to arrange a controlled sale of 25.18 grams of cocaine base (crack cocaine) from the defendant to one of the co-conspirators. The defendant was ultimately convicted of conspiracy to distribute cocaine base in violation of 21 U.S.C. Sec. 846 and distribution of cocaine base in violation of 21 U.S.C. Sec. 841(a)(1). He was sentenced to concurrent terms of imprisonment for 235 months, to be followed by supervised release for a term of five years.
 
 
 2
 On appeal, the defendant attacks his conviction[1] on the following grounds: (1) the evidence was insufficient to support a conviction on the conspiracy count; (2) the district court erred in allowing the government to present the testimony of a rebuttal witness who had not been sequestered; and (3) the court erred in failing to instruct the jury on multiple conspiracies. The defendant attacks his sentence on the ground that the determination of the quantity of cocaine for which he was responsible was clearly erroneous.
 
 
 3
 We do not reach the merits of the defendant's sufficiency-of-the-evidence argument, assuming we have jurisdiction, because the defendant failed to move for acquittal on this ground. By failing to raise the issue in the district court, the defendant waived the right to challenge the sufficiency of the evidence absent a manifest miscarriage of justice. United States v. Morrow, 977 F.2d 222, 230 (6th Cir.1992), cert. denied, 113 S.Ct. 2969 (1993). There was no manifest miscarriage of justice in this case, and so we turn to the defendant's second argument.
 
 
 4
 Following presentation of the defendant's case, in the course of which the defendant denied that his was one of the voices heard on tape recordings that had been played to the jury, the government first called as a rebuttal witness a government agent who testified that at a meeting in the U.S. Attorney's office the defendant had admitted that it was his voice on the tapes. The next witness, another government agent, likewise testified that the defendant had admitted his voice was on the tapes. The defendant objected to the testimony of the first of these witnesses on the ground that the witness had been present in the courtroom during the defendant's testimony. (The record does not affirmatively show that the district court had ordered a separation of witnesses, see Rule 615, Fed.R.Evid., but the government does not deny that a separation had been ordered--and the district judge and trial counsel seem to have proceeded on the understanding that a separation had, in fact, been ordered.) The trial court overruled the objection, and we find no abuse of discretion in this regard.
 
 
 5
 "The controlling principle in this Circuit is that violation of an order directing that witnesses be separated does not automatically bar a witness' testimony." United States v. Gibson, 675 F.2d 825, 835-36 (6th Cir.), cert. denied, 459 U.S. 972 (1982). The district court did not believe that the government could have known in advance that the agent would be needed as a witness, and we are in no position to second guess that determination. No prior witness had testified as to what was said at the meeting in the U.S. Attorney's office, moreover, as the district court also noted. Any error was harmless, finally, because of the testimony of the government's second rebuttal witness.
 
 
 6
 As to the trial court's failure to instruct the jury on the theory of multiple conspiracies, the defendant neither requested such an instruction nor objected when the court failed to give one. On an independent evaluation of the record for plain error, we conclude that none of the concerns behind the distinction between single and multiple conspiracies is implicated in this case. See United States v. Townsend, 924 F.2d 1385 (7th Cir.1991).
 
 
 7
 The defendant's argument with respect to his sentence is equally meritless. We must accept the district court's factual determination of the amount of cocaine for which the defendant was sentenced unless it is clearly erroneous. The relevant statute, moreover, instructs us to "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. Sec. 3742(e) (1994). See United States v. Baro, 15 F.3d 563, 568-69 (6th Cir.), cert. denied, 115 S.Ct. 285 (1994). Here the district court held a sentencing hearing at which it addressed and ruled upon each of the defendant's fourteen objections to the presentence report. The calculations in question seem to have been careful and quite conservative; they were certainly not "clearly erroneous."
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 It is mandatory, under Rule 3(c), Fed.R.Civ.P., that a notice of appeal "designate the judgment, order, or part thereof appealed from...." The notice of appeal filed by the defendant in this case designates the sentence, but does not appear to designate the judgment of conviction. The government raises no question as to our jurisdiction to review the conviction, however, and we shall assume, without so deciding, that such jurisdiction exists